UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YOLANDA D. YOUNG-SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:15-cv-156-PPS-APR |
| STEPHEN ANTHONY YOKICH ET AL, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This is Plaintiff Yolanda Young-Smith's third case in which she has alleged that she is the victim of a conspiracy between Ivan Bodensteiner (her former attorney) and Stephen Yokich (an attorney who represented her opponent in one of her earlier cases). Three different judges of this court and two panels of judges in the Seventh Circuit have reviewed these allegations and have found them to be deficient. Despite the previous dismissals of her cases with prejudice, Young-Smith has nonetheless filed this case – her third attempt to raise the same issues against the attorney defendants. It's time to put an end to this.

**FACTUAL BACKGROUND**

Although it is a bit tedious, to fully understand the matter that is presently before the Court, one needs to understand the chronology of Young-Smith's prior cases. This is how we got here:  After Young-Smith was fired from her job with Bayer Healthcare, she sued Bayer and her Union. [Cause No. 3:07-cv-629, DE 1.]  For ease of

reference I will call this the "employment case." Young-Smith settled her claims against Bayer in late 2009, and the district court granted summary judgment in favor of the Union on one of Young-Smith's two remaining claims, sending Young-Smith's remaining claim to trial. [*Id.*, DE 94.] Prior to trial, Young-Smith fired her attorney and asked the court to reconsider earlier rulings, alleging that there was a conspiracy afoot to perpetrate fraud upon the court. Judge Lee asked Young-Smith to prepare a list of evidence to support her contentions. Upon reviewing the evidence presented by Young-Smith, Judge Lee found that most of Young-Smith's contentions related entirely to the decision of her counsel strategically to place certain evidence into the record before the court during the summary judgment process, as opposed to every piece of evidence, and this did not amount to "fraud on the court." [*Id.*, DE 153 at 6-8.]

Young-Smith's remaining claim in the employment case went to trial before Judge Van Bokkelen, the case having been transferred to him from Judge Lee. The trial ended in a verdict in favor of the Union. [*Id.*, DE 280.] In her post-trial motions before Judge Van Bokkelen, Young-Smith rehashed her claims previously decided by Judge Lee about the alleged fraud on the court, perjury, and attorney misconduct as a basis for a new trial. [*Id.*, DE 297.] Just as Judge Lee had done once before, Judge Van Bokkelen denied the motion. [*Id.,* DE 297].

While Young-Smith's employment case was pending, Young-Smith filed another action in federal court regarding the same alleged conspiracy and attorney misconduct that she raised in her employment case. [Cause No. 3:12-cv-275, DE 1.] Her claims,

2

however, failed to state a federal cause of action or raise a substantial question of federal law, thereby failing to secure the jurisdiction of this Court. As a result, I dismissed her claims, albeit without prejudice. [*Id.*, DE 84.] None of the parties were particularly pleased with that decision, filing several motions after the opinion was entered. [*Id.*, DE 86, 91, 94.] Specifically, Young-Smith believed that I had failed to consider all of her claims based on federal violations. I denied that motion as simply an effort to relitigate arguments that I previously had rejected. [*Id.*, DE 105.] Defendants Bodensteiner and Yokich asked that I dismiss all of Young-Smith's claims regarding fraud on the court *with prejudice* in light of Judge Lee's opinion in Young-Smith's employment case, which precluded Young-Smith from raising the same issues again. Because I had concluded that this Court did not have jurisdiction over those claims, I decided that I could not properly make such a ruling and denied their motions. [*Id.*]

Young-Smith and Yokich both appealed (consolidated under Seventh Circuit Cause No. 13-2427) and the Seventh Circuit affirmed the dismissal, finding that Young-Smith failed to raise a substantial federal question, but also held that her claim of conspiracy to defraud the court against Bodensteiner and Yokich should have been dismissed *with prejudice* because "her exclusive remedy for that claim is in the employment case." [Cause No. 13-2427, DE 40 at 4.]

Undeterred, Young-Smith filed this – her third case – in state court regarding the same alleged conspiracy and attorney misconduct that she raised in her employment case and in her second federal action, naming three of the same defendants as in the

3

second action (Yokich, Bodensteiner, and Holt) [DE 4]. The three Defendants removed the case to this Court asserting that Young-Smith's complaint purported to state federal claims including a conspiracy to violate Young-Smith's rights under 42 U.S.C. § 1985 [DE 1]. Defendants Yokich and Bodensteiner promptly filed Motions to Dismiss [DE 10] and Judgment on the Pleadings [DE 12], respectively.

After the present case was filed, the Seventh Circuit ruled on the appeal brought by Young-Smith in her original employment case, in which she contended that the district court committed errors assessing the evidence in that case. [Cause No. 14-3617, DE 39.] In its June 2015 Order, the Seventh Circuit noted that Young-Smith raised "what appear to be substantially similar allegations against her and the Union's attorneys" in her second suit and that "[a]side from the possible preclusive effect of [the Seventh Circuit's] affirmance [of that case] on these allegations, our review of the record uncovers no evidence to substantiate them." [*Id.*, DE 39 at 5.] As such, the Seventh Circuit held that the district court did not abuse its discretion in denying Young-Smith's motions based on her allegations that Bodensteiner and Yokich conspired to defraud the court.

**DISCUSSION**

With the factual background in mind, I will now take up the pending motions brought by Yokich and Bodensteiner to dismiss the pending case. As I mentioned, Defendants Yokich and Bodensteiner filed Motions to Dismiss and Judgment on the Pleadings, respectively, but these motions may be adjudicated together. "A motion for

4

judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). A motion to dismiss pursuant to Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

Young-Smith's claims that Yokich and Bodensteiner conspired against her and committed fraud on the court in her employment case have been raised and rejected at least five times. They were rejected by both Judge Lee and Judge Van Bokkelen in Young-Smith's employment case. That decision was later affirmed by the Seventh Circuit, which noted not only the possible preclusive effect the judgment renders in Young-Smith's subsequent federal action, but the fact that there was no evidence to substantiate Young-Smith's claims.

Young-Smith's allegations were again rejected – this time by me – in her second suit brought in federal court. I found that the references to federal law contained in her complaint were insufficient to confer jurisdiction of this Court and dismissed Young-

Smith's claims without prejudice. I also noted that even if I had jurisdiction over Young-Smith's claims, they were potentially barred by Judge Lee's prior opinion in Young-Smith's employment case. Reviewing my dismissal of the action, the Seventh Circuit agreed with the majority of my disposition of the second case but disagreed with me in one important way; the Seventh Circuit said that Young-Smith's claims of conspiracy to defraud the court should have been dismissed *with prejudice*.

So here we find ourselves again discussing Young-Smith's claims of conspiracy to bring fraud upon the court for a sixth time. But these claims have previously been adjudicated and dismissed *with prejudice*. I italicize "with prejudice" to emphasize the importance of that proviso. A dismissal of a claim with prejudice works as an adjudication on the merits. *See, e.g.*, *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077-78 (7th Cir. 2013). Here is why that is important: when a matter has been decided on the merits, it means that the issue cannot be raised again. This is because collateral estoppel or issue preclusion applies to prevent relitigation of issues resolved in an earlier suit.[1] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

---

[1]While my analysis relies on issue preclusion to preclude relitigation of these issues, claim preclusion may also apply to prevent Young-Smith from raising these issues. Res judicata or claim preclusion applies when "there was a final judgment on the merits in an earlier case and both the parties and the claims in the two lawsuits are the same." *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2012). Because the Seventh Circuit in Young-Smith's second case ordered the dismissal with prejudice of these same claims against the same parties to this lawsuit – Bodensteiner and Yokich – res judicata also applies to preclude the claims in this case.

Issue preclusion has the following elements: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 548 (7th Cir. 2011). As already discussed at length, Young-Smith has had an opportunity to litigate the same issue several times, in multiple actions (the most recent of which involved the same parties to this action) including two appeals to the Seventh Circuit. Young-Smith, therefore, is precluded from yet again raising the issue in this action.

Furthermore, Young-Smith's additional claims against Bodensteiner and Yokich – defamation, intentional infliction of emotional distress, breach of contract, and perjury – also are precluded because these issues also were raised in the previous actions. It is this alleged conduct, Young-Smith asserts, that is the vehicle by which Bodensteiner and Yokich brought fraud upon the district court in Young-Smith's employment case. Specifically, Young-Smith alleges that certain evidence was or was not introduced and challenges the veracity of that evidence. Both Judge Lee, Judge Van Bokkelen, and the Seventh Circuit had the opportunity to review Young-Smith's list of purported evidence of Bodensteiner and Yokich's alleged fraudulent activity, including defamation and perjury, and found that Young-Smith's claims were unsubstantiated.

But let's suppose that Young-Smith did not bring in the earlier cases the specific claims that she now raises, such as defamation and intentional infliction of emotional distress. She would nonetheless be barred from bringing those claims in this case because to do so would amount to claim splitting, which is prohibited. *Carr v. Tillery,* 591 F.3d 909, 913 (7th Cir. 2010). As the Court stated in *Carr*, claim splitting is prohibited because "[y]ou cannot maintain a suit arising from the same transaction or events underlying a previous suit simply by a change in legal theory." *Id.*

Young-Smith is, therefore, precluded from once again raising the same issues in this case that she has raised (or could have raised) in her two prior cases. Counts IV, VI-X[2] as against Bodensteiner and Yokich will therefore be dismissed with prejudice.

Young-Smith also brings two state law claims against Rebecca Holt, a former co-worker at Bayer, for defamation and intentional infliction of emotional distress. (Compl. ¶¶ 48-60.) Unlike Bodensteiner and Yokich, Holt has not moved to dismiss; she has answered the Complaint. In the absence of any argument from Holt as to why this case should be dismissed against her, it must go forward. But where? As I mentioned, the claims against Holt are based on state law and I therefore do not have original jurisdiction over them. They are supplemental state law claims. Pursuant to 18 U.S.C. § 1367(c)(3), the proper course is to relinquish jurisdiction over the remaining state law claims and remand them back to state court. *See, e.g.*, *Williams Electr. Games v.*

---

[2]Young-Smith uses consecutive heading numbers in her Complaint and does not restart the numbers for her Counts, so the first Count is numbered IV.

*Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) ("[T]he sensible presumption is that if federal claims drop out before trial, the district court should relinquish jurisdiction over the state law claims."). Counts V and VI against Holt will therefore be remanded to state court.

**TO SUM UP:**

(1) Bodensteiner's Motion for Judgment on the Pleadings [DE 12] and Yokich's Motion to Dismiss [DE 10] are **GRANTED**. The claims against them are dismissed, and I direct the Clerk of Court to denote the matter as terminated against those defendants;

(2) Young-Smith's state-law claims of defamation and intentional infliction of emotional distress against Holt **ARE REMANDED TO STATE COURT**;

(3) All other pending motions [DE 14, 16 and 18] are **DENIED AS MOOT.**

ENTERED: October 29, 2015

s/ Philip P. Simon<br>**PHILIP P. SIMON, CHIEF JUDGE**<br>**UNITED STATES DISTRICT COURT**